# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CRIMINAL CASE NO. 3:09cr95

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | PRELIMINARY ORDER |
| ) | OF FORFEITURE |
| ) | |
| PRINCETON BESS. ) | |
| ) | |

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture [Doc. 10]. No response has been received from the Defendant.

## PROCEDURAL HISTORY

On May 20, 2009, the Defendant was charged with two counts of illegal possession of firearms by a convicted felon, in violation of 18 U.S.C. §922(g)(1). [Doc. 1]. The indictment contains a notice of forfeiture of (1) one Cn Romarm SA/Cugir 7.62x39 semi-automatic assault rifle and ammunition; (2) one Detonics .45 caliber semi-automatic pistol and ammunition; (3) one Rexio .38 caliber revolver and ammunition; and (4) six

rounds of .45 caliber ammunition. [Id.].

On August 6, 2009, the Defendant entered into an oral plea agreement with the Government pursuant to which he agreed to plead guilty to both counts of the indictment. At a hearing conducted on that same day, the Defendant entered his pleas of guilty to both counts and those pleas were accepted by the Magistrate Judge. [Doc. 9]. The Government thereafter moved for a preliminary order of forfeiture.

## DISCUSSION

Federal Rule of Criminal Procedure 32.2(b) provides in pertinent part:

> As soon as practicable after a ... plea of guilty ... is accepted, on any count in an indictment ... regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. ... The court's determination may be based on evidence already in the record, including any written plea agreement[.]

Fed.R.Crim.P. 32.2(b)(1).

The substantive counts of the bill of indictment charge the Defendant with illegal possession of the firearms and ammunition described in the notice of forfeiture. 18 U.S.C. §924(d)(1) provides that any firearm or ammunition involved a violation of §922(g) shall be forfeited. The Court

finds the admissions of the Defendant at his Rule 11 hearing establish a nexus between the property listed below and the offense. As a result, the Court will enter a preliminary order of forfeiture as to those items.

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Preliminary Order of Forfeiture [Doc. 10] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the following items are hereby preliminarily forfeited to the United States for disposition according to law:

1. one Cn Romarm SA/Cugir 7.62x39 semi-automatic assault rifle and ammunition;
2. one Detonics .45 caliber semi-automatic pistol and ammunition;
3. one Rexio .38 caliber revolver and ammunition; and
4. six rounds of .45 caliber ammunition.

**IT IS FURTHER ORDERED** that the United States shall comply with all applicable substantive and procedural provisions prior to seeking a final order of forfeiture and shall provide notice thereof to the Court.

Signed: November 24, 2009

Martin Reidinger
United States District Judge